*James, for appellant.*

*Rodman, Chelf, for appellees.*

---

## W. W. HULL v. JESSE EVANS.

**Detinue—Action for Recovery of Money had and Received.**
    A payment by a father for necessaries for the family of his daughter out of funds placed in his hands by her husband, it not a good defense to an action for the recovery of the amount by the daughters husband.

**Lands—Purchase for Husband and Wife—Estoppel.**
    Where funds are placed in the hands of a third party by a husband, with which to purchase a home for himself and wife, and afterwards is present and does not object to the conveyance being put in the wifes name, he will be estopped from claiming an improper use of the money and recovery thereof.

APPEAL FROM MADISON CIRCUIT COURT.

December 1, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant, who married the daughter of the appellee, Jesse Evans, purchased of Samuel Hull, his father, about 68½ acres of land, and appears to have used in paying for it some $1,200 which the appellee had given his daughter, the wife of appellant.

On the 29th of August 1864, the appellant and his wife sold and conveyed the land to Milton Pyles for $2,744, one-half of which was paid, and for the balance of $1,372 Pyles gave his note payable at twelve months from said date.

It appears that an arrangement existed between the appellant and his wife and Evans that through the agency of the latter a farm should be purchased and paid for in the State of Illinois with the proceeds of that sold by appellant and his wife in Kentucky, but whether such agreement was made before or after the sale to Pyles does not clearly appear.

It does appear that the appellant placed in the appellee's hands $1,150 of money paid by Pyles and on the 28th day of March, 1865, he endorsed and delivered to him the note of Pyles for $1,372.

It also sufficiently appears that in the summer of 1864 the appellant and Evans went to Illinois together in search of land for a home for appellant and his wife, and the appellant having returned to Kentucky leaving Evans in Illinois, the latter on the 20th day of August, 1864, purchased of John Smith a tract of 117½ acres of land for $2,300, payable as follows: $1,150 October 1st, 1864, and $1,150 October 1st, 1865, with interest from October 1st, 1864, and Evans having taken Smith's bond for a conveyance to himself afterwards made the following endorsement upon it:

"October, the 1st, 1864.

"Mr. John Smith: When you make the deed to the farm I bought of you, deed it to my daughter Celia B. Hull.

" Yours respectfully,

" Joseph Evans."

Evans appears to have paid Smith for the land, and the latter conveyed it to appellant's wife on the 11th of April, 1865, as directed by said endorsement on the bond, and it also appears that the appellant, who had then removed to Illinois and lived on the land was present when the deed was made and sanctioned the conveyance to his wife as ordered by Evans.

The appellant seems to have left his family after living on the

land about one year, and returned to Kentucky through the procurement of Evans, apparently afflicted in body and mind and he subsequently brought these suits against Evans for the $1,150 placed in his hands and against Pyles to compel payment to him of the note for $1,372.

Evans being a defendant to the suit against Pyles as well as the other action, which was consolidated with it, resisted the plaintiffs claim in both cases, claiming that the money was paid and the note delivered to him under said arrangement, and that $2,300 was invested in the land bought of Smith and the residue of the amount of said note and money was applied by him to pay for necessaries furnished the plaintaiff's family.

Both petitions were dismissed, and the plaintiff has appealed to this court.

Although the evidence conduces strongly to the conclusion that the unfortunate separation from his wife was not voluntary on his part and may have resulted from the improper agency of the appellee, as it appears to us the $1,150 and note of Pyles were placed in the hands of Evans as the means of paying for land to be conveyed to his wife, and the land in Illinois was conveyed under that arrangment to the appellant's wife; the appellant ought not in any event to recover more than the excess of the amount of the money and note put into Evans' hands over and above the $2,300 and interest paid for the land.

But as to the excess or difference between the amount of money and the note placed in the appellee's hands and the sum paid for the land, it does not seem to us that the defense was sustained and the court will on the return of the cause ascertain and render judgment for the plaintiff against Evans for that amount.

Wherefore, the judgment is reversed, and the cause remanded for judgment as herein directed.

*Stanton & Throop, for appellant.*

*H. Taylor, for appellee.*